1  Steven J. Parsons
   Nevada Bar No. 363
2  Joseph N. Mott
   Nevada Bar No. 12455
3  LAW OFFICES OF STEVEN J. PARSONS
   10091 Park Run Dr Ste 200
4  Las Vegas NV 89145-8868
   (702) 384-9900
5  (702) 384-5900 (fax)
   Steve@SJPlawyer.com
6  Joey@SJPlawyer.com

7  Attorneys for Plaintiff
   **JESSE MOSLEY**
8
                    UNITED STATES DISTRICT COURT
9
                         DISTRICT OF NEVADA
10
11 **JESSE MOSLEY**, an individual,           Case No.:   **2:16-CV-01802-JAD-PAL**

12      Plaintiff,
                                              **PLAINTIFF AND DEFENDANT'S JOINT MOTION TO MODIFY THE DISCOVERY PLAN AND SCHEDULING ORDER AND TO EXTEND THE DISCOVERY DEADLINE AND OTHER DEADLINES SET FORTH THEREIN**
   vs.
13
   **MERCURY CASUALTY COMPANY**, a California
14 corporation,

15      Defendant.                            **SECOND REQUEST**

16

17      Plaintiff, **JESSE MOSLEY** an individual, by his attorneys, Steven J. Parsons and Joseph

18 N. Mott of LAW OFFICES OF STEVEN J. PARSONS, and **MERCURY CASUALTY COMPANY**, a California

19 corporation, by and through its attorney, BENJAMIN J. CARMAN OF RANALLI ZANIEL FOWLER & MORAN,

20 LLC, and, pursuant to LR IA 6-1 and LR II 26-4, said Plaintiff and the Defendants (comprising

21 all of the parties hereto), hereby jointly move this Court for an Order to Modify the most recent

22 Order (Doc. #15), which set forth this Court's Discovery Plan and Scheduling Order

23 (hereinafter the "Prior Scheduling Order"), in order to allow the parties an additional ninety (90)

24 day extension beyond the current discovery deadline of May 18, 2017, until August 16, 2017,

25 to complete discovery herein. Parties also hereby jointly move for an additional ninety (90) day

26 extension with respect to all other dates set forth in the most recent Prior Scheduling Order

27 (Doc. #15) beyond the deadlines set forth therein.



1    This Motion is filed for good cause shown as set forth below. Certain of the requests herein are not made more than 21 days before the expiration of any deadline sought to be extended herein, as normally required by LR II 26-4 (namely the expert disclosures deadline), but any such late submission is made for good cause.

A. **A SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED:**

1. Defendant's Initial Disclosure, pursuant to FRCP 26(f);
2. Plaintiff's Initial Disclosures, pursuant to FRCP 26(f);
3. Defendant's First Set of Request for Admissions to Plaintiff;
4. Defendant's First Set of Interrogatories to Plaintiff;
5. Defendant's First Set of Requests for Production of Documents to Plaintiff;
6. Plaintiff's First Set of Request for Production of Documents to Defendant;
7. Plaintiff's First Set of Interrogatories to Defendant;
8. Plaintiff's Second Set of Interrogatories to Defendant;
9. Defendant's Designation of Expert Witnesses.

B. **A SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED:**

1. Depositions of the Person Most Knowledgeable from Plaintiff's medical providers relevant to treatment rendered to Plaintiff since the date of this accident;
2. Defendant to obtain medical records and bills regarding the Plaintiff;
3. Second sets of written discovery by both Plaintiff and Defendant;
4. Deposition of Plaintiff;
5. Deposition of Mercury's FRCP 30(b)(6) witnesses;
6. Deposition of Defense Experts;
7. Deposition of Plaintiff Experts.

C. **THE REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY ORDER**



1  Plaintiff's lead counsel, Steven J. Parsons, was suffering with serious medical issues
2  throughout December, including a surgery, and is presently dealing with serious personal
3  medical issues that have required two surgeries, hospitalizations, and now a course of
4  intravenous antibiotics administered by a home health nurse.  Due to Mr. Parsons' illness, he
5  has only been in his office approximately two days in the past six weeks.  This absence, as well
6  as the holiday season, affected the parties' attempts to have substantive discussions regarding
7  settlement and discovery issues; and the Plaintiff's ability to prosecute his claims.  To avoid
8  additional delay as a result of Mr. Parsons' health, his associate Joseph N. Mott is now
9  stepping in as lead counsel until Mr. Parsons is able to return to the office.

10  The parties believe that a modest addition of ninety days will accommodate both parties
11 sufficiently to conclude the discovery that remains in this matter.

12  **D.  A PROPOSED SCHEDULE FOR COMPETING ALL REMAINING DISCOVERY:**

13  Based on the foregoing, the parties hereby propose the following schedule for
14 completing all remaining discovery:

|  | **Old Deadline** | **New Deadline** |
|---|---|---|
| • Deadline to Complete Discovery | 05/18/2017 | 08/16/2017 |
| • Expert Disclosures (P) | 02/16/2017 | 05/17/2017 |
| • Expert Disclosures (D) | 03/20/2017 | 06/19/2017 |
| • Rebuttal of Experts (P) | 03/20/2017 | 06/19/2017 |
| • Rebuttal of Experts (D) | 04/18/2017 | 07/17/2017 |
| • Dispositive Motions Due | 06/19/2017 | 09/17/2017 |

22  . . .
23  . . .
24  . . .
25  . . .
26  . . .
27  . . .



1  Based on the foregoing, the parties respectfully request that the Court extend the
2  discovery deadlines as recommended above for the good cause shown above.

3  Dated: February 14, 2017.                                Dated: February 14, 2017

4  LAW OFFICES OF STEVEN J. PARSONS              RANALLI ZANIEL FOWLER & MORAN, LLC

5  /s/ Joseph N. Mott                                              /s/ Benjamin J. Carman
   JOSEPH N. MOTT                                                  BENJAMIN J. CARMAN
6  Nevada Bar No. 12455                                            Nevada Bar No. 12565

7  Attorneys for Plaintiff                                         Attorney for Defendant
   **JESSE MOSLEY**                                                **MERCURY CASUALTY COMPANY**
8

9

10                                         **ORDER**

11

12       **IT IS SO ORDERED.**

13       Dated: February 22, 2017

14

15                                                    _____
                                                      U.S. DISTRICT/MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

